## JEWELL v. MAHOOD.

One who abuses an authority in law, by committing acts which are in themselves trespasses, and which can not be justified under the authority, is a trespasser *ab initio.*

But one who has an express authority, or an authority in fact, and who exceeds or abuses that authority, is only liable for the excess.

A person, having the right by deed to enter certain premises for a particular purpose, and having entered said premises for that purpose, who shall, after entry, exceed his authority, and commit acts for which he was not authorized to enter, will not be liable in an action of trespass *quare clausum fregit.*

TRESPASS *quare clausum.* James Hall and Margaret Hall conveyed the premises to the plaintiff by a deed containing the following reservation :

" We, the said James Hall and Margaret Hall, reserving all the wood and timber on said lot, and are to have the privilege of entering upon said lot of land, and removing said wood and timber at any and all times, for the next five years ensuing from the date of this instrument."

Within said five years the defendant entered under the right of said Hall, and removed the wood. The plaintiff's cause of action was, and he offered evidence, that the defendant, having the right to enter to cut and remove the wood, in doing so did not put up the bars, whereby cattle entered and ate the plaintiff's oats ; that he did not confine himself to one path, and threw some of the wood into the plaintiff's grass, and suffered it to remain there some time ; that he put some of the wood into a low place, to make a causeway to draw the wood over.

The plaintiff claimed that the defendant, by abuse of his right, and by excess, was liable as a trespasser *ab initio.*

The court rejected the evidence, and ordered a nonsuit, and the plaintiff excepted, and the questions of law were reserved.

*Little,* for the plaintiff.

*Cilley,* for the defendant.

SARGENT, J. When the plaintiff in this case accepted the deed from James and Margaret Hall of the land in question, with the reservation specified, it was the same as though he had owned the land before, and had conveyed to said Halls the right to enter said premises during the time and for the purposes specified in the reservation. The defendant entered under an express authority ; an authority in fact, and not one conferred or implied by law. It is well settled that where a man abuses an authority in law, by committing acts which are in themselves trespasses, not authorized by the authority, the party is a trespasser *ab initio ;* but that when there is an authority in fact, and a party exceeds that authority, he is only liable for the excess. *Six Carpenters' Case,* 8 Co. 290 ; S. C., 1 Smith's L. C. 62, and cases cited ; *Allen* v. *Crofoot,* 5 Wend. 506 ; *Cushing* v. *Adams,* 18 Pick. 114 ; *Wendell* v. *Johnson,* 8 N. H. 220 ; *Ferrin* v.

*Symonds,* 11 N. H. 363; *State* v. *Moore,* 12 N. H. 42. In this case the gist of the action is the breaking and entering the plaintiff's close; the other circumstances are only stated as affecting the damages. But the defendant is not liable for breaking and entering, because he had the right to enter, and in this form of action if the breaking and entering is not made out the action fails. If the plaintiff would recover damages for any of the acts done after entry, he must bring case or trespass in some other form, and not trespass *quare clausum fregit.*

*Judgment on the verdict.*