## DUMONT *vs.* SMITH.

Where the plaintiff, an attorney, wrote to the defendant to call upon him and settle a note which had been left with him for collection; upon which the defendant came to the plaintiff's office, and while there committed a trespass by mutilating the note and taking it away; *held* that he could not be made liable as a trespasser for the entry: otherwise if he had entered by authority of law.

Where the maker of a note left with an attorney for collection, being in the office of the attorney wrongfully took the note away, and the attorney having brought trespass, the court advised the jury to add to the plaintiff's damages a retaining fee, on the ground that he was deprived of the opportunity of prosecuting a suit on the note; *held* erroneous.

ERROR to the Schoharie common pleas. Smith sued Dumont in the court below in trespass. The first count was for breaking and entering the plaintiff's close, called a law office, and taking and carrying away a promissory note, made by the defendant, which the holder had left with the plaintiff as an attorney at law for collection, whereby the plaintiff (amongst other things,) had been deprived of the costs of collecting it. The second count was in trespass *de bonis asportatis*—for taking and carrying away the note. Plea not guilty.

On the trial it appeared that the defendant entered the plaintiff's law office at the plaintiff's request, he having been written to, to call and see to the payment of a note which had been left with the plaintiff to collect. The defendant said he came to pay the note, and handed the plaintiff money nearly sufficient to pay it, and while the plaintiff was counting the money the defendant partly tore his name from the note, and insisted that he had paid all that he was bound to pay. The plaintiff claimed that he was entitled to costs, and some altercation taking place the defendant was ordered to leave the office, which he for a time refused to do. He at last offered to pay the amount claimed with costs, but finally went away taking the money and the note with him, and as he passed out of the door, dared the plaintiff to come out into the street, threatening to whip him.

Dumont *v.* Smith.

The court charged the jury that the mutilation of the note and the carrying it away were each acts of trespass; and that though the defendant entered the plaintiff's office by his permission, if he afterwards while there did an unlawful act, it rendered him a trespasser from the beginning, and made him responsible for the original entry. They also charged that the plaintiff's actual damage was $54,24—the amount of the note and five dollars for a retaining fee in the suit on the note, a declaration having been made out but not filed or served. The defendant's counsel excepted, and the jury rendered a verdict for the plaintiff for $59,24, upon which the court rendered judgment.

*A. Taber,* for the plaintiff in error.

*N. Hill, Jr.* for the defendant in error.

*By the Court,* JEWETT, J. The court charged the jury that if the defendant entered the plaintiff's office by his permission, and afterwards did an unlawful act, it made him a trespasser for the original entry; and in this I am of opinion that they erred. It is a maxim applicable to some cases, that the law judges of a man's previous intentions by his subsequent acts. This maxim is well illustrated in *The Six Carpenters' case,* (8 *Rep.* 290,) where it was held that if a man abuse an authority given him by the law, he becomes a trespasser *ab initio;* but when he abuses an authority given him by the party, he shall not be a trespasser *ab initio.* The reason assigned for this distinction was, that where a general authority or license is given by the law, the law judges by the subsequent act, *quo animo* the original act was done; but when the party himself gives an authority or license, to do any thing, as to enter upon land, he cannot for any subsequent cause convert that which was originally done under the sanction of his own authority or license into a trespass, *ab initio;* and in this latter case, therefore, the subsequent act only will amount to a trespass. For instance, the law gives authority to enter a common inn or

Dumont v. Smith.

tavern, and in like manner to the owner of the ground to dis-
train *damage feasant;* but if he who enters into the inn or
tavern commits a trespass, or if the owner who distrains a beast
*damage feasant,* works or kills the distress, in these and
similar cases the law adjudges that the party entered for the
specific purpose of committing the particular injury, and be-
cause the act which demonstrates the intention is a trespass,
he shall be adjudged a trespasser *ab initio*—or in other words,
the subsequent illegality shows the party to have contemplated
an illegal act all along, so that the whole becomes a trespass.
(*Oxley* v. *Watts,* 1 *Term R.* 12; *Bagshawe* v. *Goward, Cro.
Jac.* 147; *Aitkenhead* v. *Blades,* 5 *Taunton,* 198; *Smith* v.
*Egginton, per Littledale J. 7 Adol. & Ellis,* 176; *Van Brunt*
v. *Schenck,* 13 *John. R.* 414; *Allen* v. *Crofoot,* 5 *Wend.* 506.)
The case of *Adams* v. *Freeman,* (12 *John. R.* 408,) arose in a
justice's court. It was an action of trespass, for entering the
plaintiff's dwelling house, and not guilty was pleaded. The
evidence was that the defendant entered the dwelling house or
the plaintiff *without permission.* On being requested to leave
the house he answered he would go when he pleased; and
being ordered to go out several times, he gave the same answer,
and remained half an hour afterwards, and finally left. The
justice nonsuited the plaintiff. On certiorari, this court reversed
the judgment, holding that entering a dwelling house of an-
other (it not being an inn or tavern,) without license, was in law
a trespass; and that to render such an entry lawful, there
must be a permission, express or implied. There being no
permission in that case, the act of entering the plaintiff's house
was held to be a trespass; but the court added, "If the defen-
dant had received permission to enter, as by being asked to
walk in, upon his knocking at the door, his subsequent conduct
was such an abuse of the license as to render him a trespasser
*ab initio.*" This remark was *extra-judicial,* and is not sup-
ported by principle, and besides has been virtually overruled by
the cases of *Van Brunt* v. *Schenck* and *Allen* v. *Crofoot,* be-
fore referred to.

In this case the defendant showed an invitation or license

given him by the plaintiff himself—and therefore was clearly not liable as a trespasser for the entry on account of any subsequent acts, however *tortious.* If liable at all, in trespass, it must be only in respect to the subsequent acts; as those only under any circumstances will amount to trespasses.

The court below charged the jury as a matter of law that the plaintiff's *actual* damages, if they found for him, were the amount of the note, principal and interest, together with five dollars for retaining fee and issuing the declaration on the note. I think the court also erred in this. In actions for torts, damages are either general or special. The former are such as the law implies to have accrued from the wrong complained of. The latter are such as *really* took place, and are not implied by law, and are superadded to general damages arising from an act injurious in itself, as when some particular loss arises from the uttering of slanderous words actionable in themselves; or are such as arise from an act indifferent and not actionable in itself, but injurious only in its consequences, as when words become actionable only by reason of special damage ensuing. The former description need not be stated in the declaration, for the reason that presumptions of law are not in general to be pleaded. But the latter, when the law does not necessarily imply that the plaintiff sustained damage by the act complain- ed of, it is essential to the validity of the declaration to show particularly. And when the damages sustained do not *necessarily* arise from the act complained of, and consequently are not *implied* by law, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it. (1 *Chitty's Pl.* 385; *Butler* v. *Kent,* 19 *John. R.* 228.)

In this declaration the plaintiff stated his damages specially, namely, that in consequence of the taking away the note by the defendant, the plaintiff was prevented from prosecuting and collecting it, and was deprived of the profit of a suit for the collection thereof. There was no evidence that such con sequences resulted to the plaintiff from the commission of the act complained of. And it is not easily seen how they could

I can see no difficulty in the way of the plaintiff's proceeding in the suit which as an attorney he had commenced against Dumont upon the note, to judgment and execution. The tortious taking of the note and conversion of it by the defendant could not afford him a bar to an action upon it. It is enough that the law did not *imply* that the plaintiff had been damnified to the amount of the note and five dollars costs, in consequence of the wrongful act imputed to the defendant. The judgment is erroneous, and there must be a *venire de novo.*

Judgment reversed.