## SUPREME COURT.

### Lewis Hergman & Adolph Alexander agt. Mority Dettlebach and others.

On a *fi. fa.* against one of several *partners*, the co-partnership property may be seized, and the interest of the judgment debtor in the same sold by the sheriff; but subject to an accounting among the partners, on dissolution. And *it seems,* that the same principle must apply to the case of an *attachment* under the Revised Statutes.

Where the sheriff, by virtue of an attachment, seizes and takes the partnership books and papers of a party, his power is limited to *take* them only; and having taken them, he is required to *safely keep them.*

Where a deputy sheriff, after taking possession, assumed to examine such books and papers, take copies of the business letters, look into the correspondence of the partners, &c., *held,* that he was guilty of a gross abuse of his powers, and of the process of the court. He usurped the exercise of a discretion which belonged to the judge alone.

*Letters* and *correspondence* are not among the papers which the statute authorizes to be *taken* under process.

*New-York Special Term, April,* 1855.

Motion that the books and papers taken under attachment from possession of the defendants, Epstein and Horig, on the attachment against Dettlebach, as a non-resident, under 2 R.

*S., p.* 3, be restored to the possession of the defendants from whom taken.

  Wm. M. Evarts, *for motion.*
  A. F. Smith, *opposed.*

  Cowles, Justice.—It seems to be well settled that on *fi. fa.* against one of several partners, the co-partnership property may be seized, and the interest of the judgment debtor in same sold by the sheriff; but subject to an accounting among the partners, on dissolution. (*Phillips* agt. *Cook,* 24 *Wend.,* 387 ; *Waddell* agt. *Cook,* 2 *Hill,* 47 ; *Walsh* agt. *Adams,* 3 *Denio,* 125.) And.I see no reason why the same principle does not apply to the case of an attachment under the Revised Statutes. If so, the sheriff, under the warrant, had a right to take the co-partnership books, &c.

  But the power of the sheriff, under the attachment, is limited to the right to *take* them only ; and having taken, he was required to *safely keep them.* (2 *R. S.,* 3, § 7.)

  The sheriff had no power or authority beyond that, except as directed by the officer who granted the warrant. (*Vide,* § 8.)

  When, therefore, the deputy sheriff assumed to examine such books and papers, take copies of the business letters, look into the correspondence of the partners, or do any other act in relation to them, than simply to *keep them safely,* subject to the direction of the judge who allowed the process, he was guilty of an unpardonable abuse of his powers, and of the process of the court.

  It was usurping the exercise of a discretion which the statute reserved to the judge alone, and reserved to him, too, for reasons of the most obvious character. To tolerate such a proceeding would lead to the most gross abuses, and enable the process of attachment to be used for inquisitorial purposes, which, in its consequences, would be in derrogation of the spirit of the Bill of Rights.

  It is evident, also, from the affidavits, that many papers, not

contemplated by the statute, have been seized in this proceeding under color of the attachment.

The statute provides that certain books and papers may be taken into possession under the process. (*Vide*, §§ 7, 8.)

Letters and correspondence are not among those authorized to be taken.

As the whole proceeding on the part of the deputy, in examining the books and papers, is grossly irregular, an order must be made, that the regular books of account of the firm, and its notes, policies of insurance, and all other securities and vouchers, be safely kept by the deputy sheriff, under lock and key, without power on the part of such deputy, or any other person, except the defendants, to look into or examine the same, except under the special order of the court, to be made on notice to the defendants.

The defendants and their counsel to be at liberty, at all reasonable hours, to examine, or take copies or abstracts from them, in the presence of the deputy.

All other papers, of every name and description, taken by such deputy, and all translations, or copies of such translations, if any, of the books, letters, vouchers or papers, must be delivered up forthwith to the defendants' attorneys; and, to insure the same, such delivery must be made under an affidavit—to be made by such deputy, by the plaintiffs, and their attorneys and counsel—that, at the time of such delivery, such copies embrace every translation, or copy of such translation, or copy of such original which the deponent knows of, or believes, or has any reason to believe, exists; and the plaintiffs and their attorneys, agents and counsellors, are hereby restrained from in any way using such original books and papers, or using or disclosing the contents of such copies in any manner whatsoever, except by special order of the court.

This order must be complied with forthwith, and is to be entered with costs of motion.