# The Chicago West Division Railway Company
## v.
## Sigmund Klauber.

1. Evidence—Ordinances—Must be pleaded.—In an action against a street railway company for injuries caused by the pretended negligence of the company's servants in running the car, it is error to admit in evidence an ordinance of the city prohibiting the running of cars upon bridges above a certain specified rate of speed, unless such ordinance is specially pleaded in the declaration. An allegation that the car was run upon the bridge contrary to the provisions of the ordinance of the city, is not an allegation of the existence of such an ordinance.

2. Damages—Special damages must be pleaded.—General damages are such as necessarily result from the act complained of, and are such as the law presumes to have accrued. Special damages are not implied by law, and must be alleged in the declaration, or evidence thereof will not be admissible.

3. Allegation of loss of business.—An allegation that the plaintiff was put to the loss of a business engagement will not support evidence that the plaintiff had a business engagement whereby he would have earned $3,000 per year.

4. Negligence a question of fact.—Negligence is a question for the jury, and the court should only instruct the jury as to the degree of care required of the plaintiff, and leave to the jury the question whether under all the circumstances the plaintiff was guilty of negligence.

5. Standing upon platform of car.—Whether the plaintiff was exercising ordinary care in standing upon the platform of the car, should be considered with reference to the question whether there was a vacant seat in the car which he might have occupied, and whether standing on the platform was more dangerous than occupying a seat in the car. The fact that the con-

ductor knew he was occupying the more hazardous position, or that it was customary for others to do the same thing, will not relieve the plaintiff from the charge of contributory negligence.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed January 4, 1882.

This was an action on the case, brought by Sigmund Klauber, against the Chicago West Division Railway Company to recover damages for a personal injury received by the plaintiff on the 31st day of August, 1880, while riding as a passenger on one of the defendant's street cars, across Van Buren street bridge, in the city of Chicago.

The declaration contains two counts. The first alleges, in substance, that on the day above named, the plaintiff entered upon the defendant's car, and paid the fare from Madison to Aberdeen street, whereby it became the duty of the defendant to furnish the plaintiff with room, and a seat in said car, and to convey him safely over said route ; yet the defendant, disregarding its duty, etc., did not and would not furnish the plaintiff a seat and room within said car, but on the contrary thereof, forced him to stand on a step or platform running on the right hand side thereof, and ran violently and unlawfully upon the bridge, and off the tramway or track, and against the railing thereto, and compressed and jammed the plaintiff between said railing and the side of said car, whereby the plaintiff, without fault, etc., was greatly and permanently wounded and injured in his hips and abdomen, and made sick for a long time, to-wit, the space of six weeks, and confined to his bed and house, and put to great expense in his care, to-wit, one hundred dollars, and to the loss of a business engagement, and to great bodily and mental suffering, to his damage, etc.

The second count avers, that the plaintiff, at the special instance and request of the defendant, became and was a passenger in and on one of the open, or summer cars of the defendant, to be safely and securely carried thereon, and conveyed from the corner of Madison street and Fifth avenue to the corner of Van Buren and Aberdeen streets, and over and across

said bridge, for a certain fare, then and there paid to the defendant, and the defendant then and there received the plaintiff as such passenger, and because there was no seat or place for the plaintiff within the body of said car, suffered and permitted and caused him to stand on the outside, and right-hand side of said car, upon the step extending along the side thereof, and it thereupon became the duty of the defendant to use due and proper care that the plaintiff should be safely and securely carried upon said car over said route; yet the defendant, not regarding, etc., did not use due and proper care that the plaintiff should be safely and securely carried, etc., but wholly neglected to do so, and, contrary to a provision of the ordinances of the city of Chicago, ran said car on its journey with great speed and force, so as to be uncontrollable by the brake attached to said car, on to and upon the draw of said bridge, and said car was then and there thrown and drawn off its track and against the beams of the north side of said draw; by means whereof, the plaintiff, without fault, etc., was squeezed, jammed and crushed between said beams and the ends of the seats of said car, and his back, hips and abdomen greatly bruised, crushed and permanently injured, and by means of the premises, the plaintiff was sick, sore, lame and disordered for the space of six weeks thereafter, during which time he suffered and endured great pain, and was hindered and prevented from transacting and attending to his necessary and lawful business during that time to be transacted, and lost great gains and advantages, and was forced to pay, lay out and expend large sums of money, to wit, two hundred dollars, in and about the cure of the bruises and wounds so received as aforesaid, whereby he has suffered damage, etc.

On the trial before the court and a jury on a plea of not guilty, it appeared that between six and seven o'clock in the afternoon of the day above mentioned, the plaintiff was standing at the corner of Fifth avenue and Madison street, waiting for a Van Buren street car; that after waiting from twenty to thirty minutes, during which time two cars passed very fully loaded, an open car came along apparently full of passengers, and as a storm was threatening, the plaintiff made up his mind to

take his chances with the others, and so crowded in and got on to the platform or steps running along the right hand side of the car, and held on to one of the upright posts. Several other persons were also standing at the time on the same platform. The car had ten seats running across it, each of which could accommodate five passengers, and there is evidence tending to show that a seat opposite or near where the plaintiff was standing contained but four persons, and that one of the four invited the plaintiff to take a seat, which he declined or neglected to do.

The evidence shows that the grade of Van Buren street rises somewhat as it approaches the bridge, and that it was the usual custom to run the defendant's cars up said grade quite rapidly, and to diminish the speed, or halt just before going on to the bridge. It appears that on the occasion in question, the car was run up the grade in the usual way, but the evidence as to the rate of speed at which it passed on to the bridge is somewhat conflicting. On striking the draw of the bridge, or within a few feet of that point, the car, in some way, got off the tram-way or track, and ran along on the planks to near the center of the bridge, at which point the front end of the car collided with the beams forming the right-hand side or railing of the bridge, and the plaintiff became pressed between the side of the car and the timbers of the bridge, thereby receiving the injury complained of. There is some evidence tending to show that he stepped off from the car and into the railing of the bridge before receiving the injury, and that if he had remained standing on the platform he would not have been hurt. It further appears, that the defendant had been in the habit of riding over the same route on the defendant's cars for a considerable time previous to the injury, and was entirely familiar with the bridge and the proximity of the car-track to the railing, and also with the usual manner of running the defendant's cars onto and over the bridge.

There was also evidence tending to show that, at the time the car reached the bridge, a signal had been given that the draw was about to be opened for the passage of a vessel, and the plaintiff

was permitted, against the objection and exception of the defendant, to read in evidence to the jury, sections 1 and 2, of chapter 3, of the ordinances of the city of Chicago. Section 1 provides that any person or persons who shall drive, or attempt to drive any team, wagon, dray or other carriage, on or across the draw of any bridge in the city, while the same is opening or shutting, or after the signal is given by the bridge-tender for the opening thereof, and before the opening is begun, etc., shall be fined, etc. Section 2 provides, that no person shall ride, lead or drive any wagon, carriage, dray, cart or other vehicle or conveyance, etc., over or across any of the bridges within the limits of Chicago, faster than a common walk.

The plaintiff was also permitted, against the objection and exception of the defendant, to give evidence that he was a merchant, and at the time of the injury had an engagement to sell cloaks and wraps for a Mr. Bash, and that if he were well and able to stand and do the work to which he was accustomed as a merchant, his time would be worth at least $3,000 a year.

The second and third instructions given to the jury at the instance of the plaintiff, and to which exception was taken by the defendant, were as follows:

"2. If the jury find from the evidence, that the plaintiff stood on the platform or step of the car, with consent or knowledge of the conductor, and according to usual custom on that line, then they are instructed plaintiff's right to recover will not be affected by the fact he stood in such a place, and it is not of itself contributory negligence, provided the injury to the plaintiff was caused by an accident to the car, and that such accident was caused by the negligence or carelessness of the defendant.

"3. The jury are further instructed, that the duty of a passenger is simply ordinary and reasonable care, and that it is not a want of such care on the part of a passenger to stand on the platform of a crowded car, with the consent of the conductor, and according to the usual custom on that line, provided the injury complained of is caused by an accident to the

car, and that such accident was caused by the negligence or carelessness of the owners of the line."

The defendant also asked the court to give to the jury the following instructions, which were refused, viz.:

" 6.   If the jury believe from the evidence that the plaintiff did not use ordinary care to prevent the injury in question, and that such want of ordinary care produced the injury to him, then the jury are instructed that the plaintiff cannot recover, even though they may believe that defendant was guilty of gross negligence, unless they believe that the injury was willfully inflicted by the defendant.

" 10.   The jury are instructed that in making up their verdict they must entirely disregard the ordinance of the city of Chicago, which has been introduced in evidence by the plaintiff."

Exceptions were duly taken to the refusal to give the foregoing instructions, and thereupon the jury found the defendant guilty, and assessed the plaintiff's damages at $1.000, for which sum and costs the court, after overruling the defendant's motion for a new trial, gave judgment for the plaintiff.

Messrs. SMALL & MOORE, for appellant; that allegations and proof should correspond, cited C. & A. R. R. Co. v. Michie, 83 Ill. 427; Gridley v. City of Bloomington, 68 Ill. 47.

The fact that other passengers may have ridden on the platform at other times, has no bearing in this case: T. W. & W. R'y Co v. Foss, 88 Ill. 551; Ill. Cent. R. R. Co. v. McKee, 43 Ill. 119; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501.

Special damages should be alleged: Baldwin v. Western R. R. Co. 4 Gray, 333; Chicago v. O'Brennan, 65 Ill. 160; Quincy Coal Co v. Hood, 77 Ill. 68.

It was error to admit the city ordinances in evidence, they not being set out in the declaration: Ill Cent. R. R. Co. v. Godfrey, 71 Ill. 500.

The instruction asked by defendant, that if both parties were equally negligent no recovery could be had, was proper and should have been given: Ill. Cent. R. R. Co. v. Hall, 72 Ill. 222; Chicago City R'y Co. v. Lewis, 5 Bradwell, 248.

C. W. D. R'y Co. v. Klauber.

The instruction asked by defendant relative to plaintiff's negligence in not occupying a seat in the car, if one was vacant, should have been given: C. & N. W. R. R. Co. v. Carroll, 5 Bradwell, 209; Ill. Cent. R. R. Co. v. Quinn, 51 Ill. 497.

Messrs. Fairchild & Blackman, for appellee; as to the right to introduce evidence of employment, etc. upon the question of damages, cited C. R. I. & P. R. R. Co. v. McKittrick, 78 Ill. 619; Peoria Bridge Co. v. Loomis, 20 Ill. 235.

The ordinance was properly admitted in evidence: Vandyke v. City, 1 Disney, 532; Hall v. Ripley, 119 Mass. 135; Lane v. Atlantic Works, 111 Mass. 136.

Riding on the platform of a crowded car is not negligence *per se:* German Pass Co. v. Walling, Alb. Law Jour. May 7, 1881, 371; Maguire v. M. R. R. Co. 115 Mass. 129; Thirteenth, etc. P. R. Co. v. Bondron, 92 Pa. 475; Phil. City P. R. Co. v. Henrice, 92 Pa. 431.

Bailey, J.    The only assignments of error we need consider in this case, are those which relate to the admission of evidence, and to the instructions to the jury.    It is insisted that the court erred in admitting in evidence the first and second sections of the ordinance of the city of Chicago, in relation to bridges.

Municipal ordinances, like private statutes and the statutes of foreign States, cannot be judicially noticed, and consequently whenever they are material to an action or defense, they must be specially pleaded.    1 Chitty's Plead. 216, 220; Goshen and Sharon Turnpike Co. v. Sears, 7 Conn. 86.    In Ill. Cent. R. Co. v. Godfrey, 71 Ill. 500, this precise question was decided.    That was an action to recover for injuries received by the plaintiff by being run against by a switch engine of the railroad company within the city of Decatur.    There was evidence tending to show that the engine was being run at a rate of speed exceeding six miles per hour, and the court, against the objection of the defendant, admitted in evidence an ordinance of the city of Decatur, prohibiting, under a certain penalty, the running of any railroad engine within the corpor-

ate limits, at a greater rate of speed than six miles per hour. As the declaration contained no allegation that there was a city ordinance regulating the speed of engines, it was held that the admission of the ordinance was erroneous.

It is true, that in the second count of the declaration in this case, it is averred that the defendant, "contrary to a provision of the ordinance of the city of Chicago, ran said car on its journey with great speed and force, so as to be uncontrollable by the brake attached to said car, on to and upon said bridge." This however is far from being an allegation of the existence of any such ordinance as the one offered in evidence. As laid down by Lord Coke, a private statute must be set out at least with certainty to a common intent. 3 Inst. 303a; Goshen and Sharon Turnpike Co. v. Sears, *supra*. But here is no attempt to set the ordinance out at all, or to indicate in the slightest degree its substance or the nature of its provisions. The admission of the ordinance in evidence was therefore erroneous. It follows that the defendant's tenth instruction, by which the court was asked to withdraw from the jury the evidence of the ordinance, should have been given.

Evidence was also admitted against the defendant's objection, showing that the plaintiff was a merchant, and at the time of the injury had an engagement to sell cloaks and wraps for a Mr. Bash, and that if he had not been suffering under the disability caused by the injury, his time as a merchant would have been worth at least $3,000 a year. This evidence was offered for the purpose of showing what the law terms special damages.

Damages arising from the negligent acts of a defendant, are either general or special. General damages are such as naturally and necessarily arise, or, in other words, such as the law implies or presumes to have accrued, from the wrong complained of. Special damages are such as really took place, but are not implied by law, and do not necessarily flow from the injurious acts of the defendant. 1 Chit. Plead. 396; Dumont v. Smith, 4 Denio, 319; Olmstead v. Burke, 25 Ill. 86. Whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by

law, then in order to prevent the surprise on the defendant, which might otherwise ensue on the trial, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it. 1 Chit. Plead. 396.

We do not think the averments of the declaration in this case sufficient to entitle the plaintiff to make proof of special damages. The first count merely alleges that the plaintiff by reason of said injury, was "put to the loss of a business engagement," and the allegation of the second count is, that he "was hindered and prevented from transacting and attending to his necessary and lawful business, during that time to be transacted, and lost great gains and advantages." Neither of these allegations points to any damages growing out of or dependent upon the peculiar circumstances or business of the defendant. In Tomlinson v. Derby, 43 Conn. 562, the plaintiff was injured by means of a defect in a highway, and his allegation was, that he was thereby "prevented from transacting his ordinary business," and it was held that, under such allegations he could not show that he was earning $100 a month in carting and sawing timber. So in Taylor v. Monroe, 43 Conn. 36, under a similar allegation, it was held that the plaintiff could not show that she was a button-maker, and what wages she earned in that business. In City of Chicago v. O'Brennan, 65 Ill. 160, the plaintiff brought suit for an injury caused by the falling of a portion of the brick and plastering in the common council chamber of the city. The allegation in the declaration was, that "the plaintiff, who was pursuing his occupation as journalist," was injured, etc., "and thereby the plaintiff, as lawyer, lecturer and journalist, became and was sick, sore, and incapacitated from attending to his business, and so continued for a long time, to-wit, for two months; and as regards plaintiff's profession as a lecturer, he has been almost wholly, ever since, disabled from pursuing it." It was held that, under these allegations, the plaintiff could not give in evidence the fact of a particular engagement to lecture in Virginia, and the probable gains thereof. The court say: "In order to subserve the ends of good pleading, which

are to apprise the opposite party of the nature of the claim and prevent surprise, it was necessary that these special damages and the facts on which they were based, should have been set out in the declaration."

The second instruction given to the jury, at the instance of the plaintiff, is clearly erroneous. It holds that, if the plaintiff stood on the platform or step of the car, with consent or knowledge of the conductor, and according to the usual custom on that line, then the plaintiff's right to recover is not affected by the fact that he stood in such a place, and it is not of itself contributory negligence. It is a principle too familiar to require the citation of authorities, that negligence is a question of fact for the jury. It is the duty of every person to use reasonable and ordinary care to foresee danger and avoid injury, but the precise course of conduct which this rule enjoins, must, ordinarily, from the very nature of things, depend upon the particular circumstances of each case. Whether the plaintiff was negligent in standing on the step or platform, must depend, among other things, upon whether there was a vacant seat in the car, of which the plaintiff was aware, and which he might have taken, and whether standing on the platform was more dangerous than occupying the seat. There was evidence tending to establish both these facts, and if proved, it is very clear that it was the duty of the plaintiff to occupy the seat, as the place of the least danger; and the fact that the conductor knew that he was occupying the more hazardous position, or that it was customary for others to do the same thing, will not exculpate him from the charge of negligence. The court should have instructed the jury as to the degree of care which the plaintiff was bound to exercise, and then left it for them to determine, whether under all the facts proved, he was guilty of contributory negligence.

The plaintiff's fourth instruction is obnoxious to very much he same criticism as the foregoing. It holds that it was not a want of ordinary and reasonable care on the part of a passenger to stand on the platform of a crowded car, with the consent of the conductor, and according to the usual custom on the line.

C. W. D. R'y Co. v. Klauber.

The sixth instruction asked by the defendant, we think, should have been given. It lays down the rule that if the plaintiff did not use ordinary care to prevent the injury in question, and that such want of ordinary care produced said injury, he cannot recover, even though the defendant was guilty of gross negligence, unless the injury was willfully inflicted. This instruction is entirely in harmony with the rule of comparative negligence which prevails in this State, and is a correct enunciation of that rule as applied to the state of facts supposed by the instruction. The rule, as ordinarily formulated, is that *slight* negligence on the part of the plaintiff, though contributing in some degree to the injury, will not preclude his recovery, if it also appears that the defendant is guilty of contributory negligence of such a degree that, in comparison, the plaintiff's negligence is slight, and the defendant's gross. Where, however, the plaintiff is guilty of contributory negligence, of such a degree that it cannot be pronounced slight, he is permitted to recover only in one case, and that is where the injury is willfully inflicted. This is upon the principle that the mere negligence of the plaintiff will not justify the defendant in inflicting upon him an intentional injury.

Slight negligence is defined to be the want of great care and diligence. Shear. & Red. on Neg. Sec. 18. The want of ordinary care, then, is manifestly negligence of a higher degree, and in all the more recent decisions in this State, it has been classed as gross negligence. Thus, in C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510, it is held that the omission of all those ordinary and reasonable precautions, which every prudent man would observe for his own safety, is gross negligence. So in C. B. & Q. R. R. Co. v. Lee, Adm'r, 68 Ill. 576, an instruction was asked to the effect that if the deceased failed to exercise that care for his personal safety which an ordinarily prudent man would do, he could not recover. This instruction was modified by adding, "unless the negligence of the defendant was greater than the plaintiffs." The court in holding that the instruction should have been given as asked, say: "there are and can be no degrees of gross negligence.

The cases all go to the length of holding, where a party has been injured for the want of ordinary care, no action will be, unless the injury is willfully inflicted by the defendant. The words added to the instruction plainly informed the jury that the plaintiff could recover, notwithstanding deceased had been guilty of a want of ordinary care for his safety, or even if guilty of gross negligence, if defendant was guilty of greater negligence. On the authority of previous decisions this was error."

In I. C. R. R. Co. v. Hetherington, 83 Ill. 510, the court reiterate the doctrine of the case last cited, and say: " While the rule is well settled in this State, that a recovery may be had by a party who has been guilty of contributory negligence, where his negligence is slight, and that of the defendant gross, yet the authorties all agree that it is an indispensable element of the right of action in every case, that the plaintiff or party injured must have exercised ordinary care, such as a reasonably prudent person will always adopt for the security of his person or property." See, also, C. & A. R. R. Co. v. Becker, 76 Ill. 27; I. C. R. R. Co. v. Green, 81 Id. 19; President, etc. v. Carter, 2 Bradwell, 34.

For the errors above pointed out, the judgment will be reversed and the cause remanded.

Judgment reversed.