GRUNBERG v. GRANT, Sheriff.

(Common Pleas of New York City and County, General Term.   April 3, 1893.)

1. SHERIFFS—ABUSE OF PROCESS—LIABILITY.

Abuse of process by a sheriff, e. g. intentionally taking property not authorized to be taken by the writ, makes him a tresspasser ab initio, and so answerable for all the consequences of his unlawful entry and seizure.

2. APPEAL—REVERSAL.

On appeal from order denying motion to set aside a verdict as perverse and contrary to evidence, the court at general term may grant a new trial, although no exception appear, if prejudicial evidence were wrongly admitted, and justice will be promoted.

(Syllabus by the Court.)

Appeal from trial term.

Action by Jette Grunberg, as administratrix, etc., against Hugh J. Grant, as sheriff, for excessive levy and abuse of process of attachment. From a judgment on a verdict in favor of plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

Cockran & Clark, (W. Bourke Cockran and Wales F. Severance, of counsel,) for appellant.

Samuel D. Sewards and Myron H. Oppenheim, for respondent.

PRYOR, J. If, as contended by the appellant, the action were only for an excessive levy, a reversal of the judgment would be the obvious and necessary conclusion; but, as is apparent, equally from the complaint and from the charge, the action is not for an excessive levy merely, but is also for an abuse of the process of the court. It was shown, and, indeed, is conceded, that in the execution of the attachment the defendant took papers he was not authorized to take by the writ, (Hergman v. Dettlebach, 11 How. Pr. 46,) and committed other acts in abuse of his process. Thus he became a trespasser ab initio, and is answerable for all the consequences of his unlawful entry upon plaintiff's premises and seizure of her goods. Carnrick v. Myers, 14 Barb. 10; Allen v. Crofoot, 5 Wend. 507; Adams v. Rivers, 11 Barb. 390; Dumont v. Smith, 4 Denio, 319, 321; Six Carpenters' Case, 8 Coke, 146, 1 Smith, Lead. Cas. 269; Duke of Brunswick v. Slowman, 8 Man., G. & S. 317; Garden v. Sabey, 10 Wkly. Dig. 33. Indeed, upon the evidence, we are bound to say that the conduct of the defendant's deputies was rather a raid than a levy. In view, then, of the nature of the action, it is apparent at once that the acts of the defendant's deputies in execution of the attachment and in pretended pursuance of the process were competent and material evidence, and that the amount of the verdict could be restrained within no defined limits. At the same time, because of the character of the wrong, which tended so strongly to inflame the passions of the jury, and because of the wide range allowed them in the estimate of damages, it is our duty to scrutinize the record to see if any evidence were wrongly admitted which probably swelled the verdict beyond the measure of justice. Hinman v. Hare, (N. Y. App.) 10 N. E. Rep. 41. A witness for the plaintiff (her son) was permitted, against objection, to testify that he had sued the defendant for taking away some of his papers, and that, after a year and a half of delay, his claim was satisfied. Thus the wrong to the plaintiff was aggravated by the addition of another wrong to her son, and by proof of an extorted confession of the wrong by the defendant. The evidence was indisputably incompetent and of inevitable prejudice to the defendant. So, likewise, evidence was received of the taking of the property of the wife, son, and daughter,—a fact which could not fail to augment the indignation of the jury against the defendant. True, no objection was interposed to the evidence, but, in review of an order denying a motion to set aside a verdict as perverse, excessive in amount, and contrary to the law of evidence, the court at general term, in the exercise of its discretion, may award a new trial, although no exception was taken. Standard Oil Co. v. Amazon Ins. Co., 79 N. Y. 506, 510.

Again, the computation of plaintiff's damages, as submitted to the jury and presented to us on the argument, included 600 American gold dollars, and 1,285 Russian roubles, which the plaintiff swore was the property of her children. Indeed, she testified that "none of the money belonged to my husband. They took no money from Mr. Grunberg, but only goods." And yet for this money, the property of others, the plaintiff has recovered. The case discloses other allegations of error, some of apparent merit, but enough is already shown to necessitate a new trial. As was intimated by the learned trial judge in his opinion, the true theory of the action was misconceived by the parties, and it is not to be doubted but that the interests of justice will be promoted by another trial.

Judgment reversed, and new trial ordered; costs to abide event.