81h 357
52ad309

MARY O'CONNELL, Respondent, *v.* MORRIS SAMUEL and Others, Appellants.

*Non-suit — improper denial thereof, cured by subsequent evidence — liability for an employee's torts — when one entering another's house and committing an assault is a trespasser from the beginning — right to expel him.*

Upon the trial of an action, a motion was made by certain of the defendants at the close of the plaintiff's case for a dismissal of the case as to them, on the ground that there was no evidence to support the action against them, and such motion was denied.

*Held*, that the objection that the motion was improperly denied was obviated if evidence was afterwards given sufficient to charge such defendants with liability.

A person in the service of a company was engaged in making collections of money due it for property leased by such company, with instructions to retake the property from those who were in arrears, and were supposed to intend not to pay therefor.

*Held,* that when such person proceeded to take such property he was acting in the business of his employer, and in the scope of his employment;

That although the action to accomplish such purpose became willful on his part, his employers were not for that reason necessarily relieved from the consequences of his conduct, while so engaged, where it was prejudicial to others, for which such person would himself be personally liable.

The rule that if a person enters the house of another, without objection from the owner thereof, and there commits an assault upon the owner, he is a trespasser from the beginning, is applicable only to the case where the party enters under authority given by law, and not where he enters by license or permission of a person authorized to grant it.

If a person, after entering the house of another, makes an unlawful assault upon the owner thereof, the owner has the right to use force to expel him from the house, and resistance on his part to an attempt by the owner to expel him therefrom is not justified.

APPEAL by the defendants, Morris Samuel and others, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 14th day of April, 1894, upon the verdict of a jury, with notice of an intention to bring up for review on such appeal an order made on the 29th day of January, 1894, denying the defendants' motion for a new trial made upon the minutes.

*S. D. Bentley,* for the appellants.

*B. Keeler,* for the respondent.

BRADLEY, J. :

The action is founded upon the charge that in October, 1893, the defendant Beechler made an assault upon the plaintiff and beat her; that he was then engaged in the service of the other defendants, and that, by reason of such relation, they are chargeable with the injurious consequences suffered by her.

The defendants Samuel, carrying on business in the name of the People's Credit Company, in the city of Rochester, by written contract to that effect, leased to the plaintiff a baby carriage at the weekly rental of one dollar, title to pass to her on payment of thirteen dollars and fifty cents, in the meantime title to remain in the company, with the right on default in payment to retake the property. The plaintiff, having paid nine dollars, defaulted in payment, and, at the time in question, the defendant Beechler called

at the residence of the plaintiff to obtain payment or the possession of the carriage. He was informed by her that she was not prepared to pay, and he expressed his purpose to take it. To this she did not consent. And the evidence on the part of the plaintiff tended to prove that she resisted his effort to enter the house; that he overcame her resistance and entered, and that in doing so he assaulted her, tearing her dress, and inflicting upon her some bodily injury. There was some conflict in the testimony of the parties in that respect. But the question of fact may be deemed disposed of by the verdict of the jury in favor of the plaintiff. At the close of the evidence on the part of the plaintiff, and before any was introduced on the defense, motion made in behalf of the defendants Samuel for dismissal of the complaint as to them was denied, and exception taken. It is urged that this was error, because there was no evidence to support the action against them. There might have been some force in the exception on this review if nothing further had appeared to charge them.

But, as evidence afterwards given tended to prove their relation to the other defendant in the business in which he was engaged at the time in question, the objection was obviated. (*Painton* v. *N. C. Ry. Co.*, 83 N. Y. 7.)

It is also insisted that the assault made by the defendant Beechler upon the plaintiff was beyond the scope of his employment, and, therefore, that the other defendants are not chargeable with its consequences. He was in the service of the People's Credit Company in making collections of money due for such property so leased by the company, with instructions to retake the property from those who were in arrears, and supposed to intend not to pay. The defendant Beechler had unsuccessfully called upon the plaintiff for payment several times before this occasion. And then he may have had some reason to suppose that any further effort for that purpose would be futile. He, of course, was not instructed to use forcible means to enter houses, or to do acts of personal violence to get possession of the goods. But when he proceeded to take the property he was acting in the business of his employers, and in that sense in the scope of his employment, and although his action to accomplish such purpose may have been or become willful on his part, his employers were not for that reason necessarily relieved from

the consequences of his conduct while so engaged, prejudicial to others, for which he would be personally liable. In the present case the conclusion was warranted by the evidence that although the defendant Beechler may have deviated from the instructions of his employers in proceeding to get possession of the property, he did not depart from his purpose of reclaiming the property for them, and consequently may throughout have acted within the scope of his employment. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129 ; *Mott* v. *Consumers' Ice Co.*, 73 id. 543 ; *Quinn* v. *Power*, 87 id. 535 ; *Palmeri* v. *Manhattan Ry. Co.*, 133 id. 261.)

The cases cited by the defendants' counsel, where it was held that the injuries complained of were not inflicted by the servants while acting in the scope of their employment, are distinguishable from the case at bar, and the *dicta* in some of them are not sustained by the later cases on the subject.

The charge of the court to the jury in that respect was that if they found that Beechler willfully assaulted the plaintiff he alone was liable, and the other defendants were not liable for the assault "unless * * * the assault was committed while he was carrying out the purpose for which he was sent there, and while he was endeavoring to do what he believed to be within the scope of his authority in taking this carriage."

The defendants were not entitled to a more favorable submission of the question to the jury. Although the matter of the belief of the defendant Beechler, that he was acting within the scope of his employment, does not go in support of the fact that he was doing so, it bears upon his good faith only in executing the purpose mentioned in the proposition to which it added nothing prejudicial to the defendants.

In charging as a legal proposition that if the jury found that Beechler entered the house without the plaintiff's objection, and there committed an assault on her, he was a trespasser from the beginning, the court erred. That rule is applicable when a party enters under authority given by law, and not if he does so by license or permission of a person authorized to grant it. (*Allen* v. *Crofoot*, 5 Wend. 506 ; *Dumont* v. *Smith*, 4 Den. 319.) This part of the charge was followed immediately by the instruction " That is to say, if he entered her house upon her invitation, and after he got in

there he committed an unlawful assault, he is in the same position, so far as his responsibility for that assault is concerned, as if he had entered the house in the first instance without her permission." This was well enough in view of the fact that the action was not treated as one for trespass upon the premises.

The court further charged the jury that "if you find that he tried to effect an entrance upon those premises without her permission, or having upon her permission entered the house, and that he then committed an unlawful assault upon her, then I charge you that whatever he did in defending himself from the force she used, he did unlawfully and he is liable for the assault." Also charged them that "you are to determine whether he entered lawfully or unlawfully upon these premises, but you are not at liberty to bring in any damages whatsoever for the trespass upon the land for his unlawfully entering into the house of this plaintiff. The sole question here is whether there was an assault committed upon her person or not, but in determining whether there was such an assault it may become necessary for you to consider whether he was a trespasser when he entered upon the premises." These last two propositions in relation to the erroneous one before mentioned apparently seem to give some force to the exception taken to the latter, and thus arises a question not free from difficulty.

But in view of the evidence and of the charge as a whole it is evident that the defendants were not prejudiced by that specific portion of it. The court charged the jury that if the plaintiff made an attack on Beechler without any attempt on his part to crowd his way into the house or to enter it against her permission he had the right to defend himself from an assault made upon him by her. The instruction to the jury was to the effect that the plaintiff was not justified in using force against Beechler unless he unlawfully and by force sought to enter the house without her consent, or made an assault upon her after he had entered it.

If after he entered the house he made an unlawful assault upon the plaintiff it cannot well be insisted that she had not the right to use force to expel him from the house, and that resistance on his part to such attempt would have been justified. It is not held to to the contrary in *People* v. *Gulick* (Hill & Denio, 229).

In the view taken of the case there was no error prejudicial to the defendants in any of the rulings on the trial.

The judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.