(19 Misc. Rep. 49.)

### STEWART v. FIDELITY LOAN ASS'N.

(Supreme Court, Appellate Term, First Department. December 28, 1896.)

1. PRACTICE—DISMISSAL.

Where defendant, in his defense, after his motion for dismissal has been erroneously overruled, supplies the proof which plaintiff ought to have furnished, the defect in plaintiff's case is cured.

2. MARSHAL'S FEES.

Under Code Civ. Proc. § 3307, subd. 2, giving to sheriffs a fee of one dollar for executing a requisition to replevy, and also such additional compensation for taking possession of and preserving the property as the "court or a judge thereof allows," which section is made applicable to the taking of property by marshals (Laws 1882, c. 410, § 1711), an additional allowance to a marshal for preserving property replevied will not be disturbed, unless there was an abuse of discretion.

Appeal from First district court.

Action by John Stewart against the Fidelity Loan Association. From a judgment for plaintiff, defendant appeals. Reversed conditionally.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Oppenheim & Leventritt, for appellant.

H. A. Sperry, for respondent.

McADAM, J. The action was in replevin for the possession of certain property. It appears that Gustav Glazer, on January 8, 1896, executed a mortgage to the plaintiff on 6 cording machines, 1 electric motor, tables, and shafting for 10 machines, contained in premises 374–376 Canal street, this city, to secure $400. The mortgage was duly filed on January 13, 1896. Lippert & Glazer (the latter being the aforesaid Gustav Glazer) on May 22, 1896, executed to the defendant a mortgage on their stock in said premises, which was duly filed May 23, 1896. This mortgage, under which the defendant claims title, was offered in evidence, but no copy is annexed to the return, so that we are uninformed as to its contents, except as they are incidentally referred to during the trial. Thereafter, and on July 6, 1896, Lippert & Glazer executed a bill of sale to the plaintiff of all the machinery, stock, etc., contained in their establishment. This was subject, of course, to the defendant's mortgage, so far as the property covered by that mortgage is concerned. The action was commenced August 7, 1896, and was tried September 10th following.

The stock being of a changeable character, it is difficult to determine just what the defendant's mortgage covered, particularly as no copy of the instrument is before us. The plaintiff proved that there was a default by the mortgagor, and that there was due to him, under the mortgage and bill of sale, $140; that the mortgagor surrendered possession of the property to him, and he took possession, placing a lock on the door. He thereupon rested, and the defendant moved to dismiss the complaint on the ground that the plaintiff had made out no cause of action, had shown no possession by the defendant, and had not shown that the property he took under the writ of replevin was that covered by his mortgage or bill of sale. The motion was de-

42 N.Y.S.—45

nied, and the defendant excepted. The plaintiff was then recalled, and testified that the marshal took the goods replevined from a truck which had left the mortgagor's premises half an hour before. This was deemed a sufficient identification of the property, and no further objection was made.

If the defendant had rested on his motion to dismiss, the judgment could hardly be sustained, because there was nothing to connect the defendant with any interference with the plaintiff's rights. But the defendant went into its defense, and supplied the proofs which the plaintiff ought to have furnished. The rule is that, if the defect in the plaintiff's proofs is afterwards supplied by either party during the trial, it is cured, for the case must be finally decided from the entire evidence. Baylies, Trial Prac. 224; Tiffany v. St. John, 65 N. Y. 317; Bartholomew v. Lyon, 67 Barb. 86; Leslie v. Insurance Co., 63 N. Y. 31, 32; Painton v. Railroad Co., 83 N. Y. 7; O'Connell v. Samuel, 81 Hun, 357, 30 N. Y. Supp. 889; Berg v. Parsons, 84 Hun, 60, 31 N. Y. Supp. 1091.

The defendant then offered its mortgage in evidence, and proved that the property was taken by the defendant under foreclosure thereof, but insisted that it had taken only the property covered by its mortgage. The defendant's mortgage had been copied from a former one, and the evidence is very meager as to what particular chattels it was intended to or did cover. The plaintiff was situated differently, for whatever was omitted from the two mortgages passed to him by the bill of sale. Glazer, one of the mortgagors, was called by the defendant, and testified that the defendant took the machines specified in the plaintiff's mortgage, as well as the property mentioned in its mortgage; that the defendant took certain stock which was not in the premises when its mortgage was made; and that only $40 or $50 of the stock on hand at the time of the foreclosure was on hand when the defendant's mortgage was executed.

The stock mortgaged to the defendant, consisting of cotton and silk braid, and the like, was used by the mortgagors in their business, and by reason of sales made from day to day was of a fluctuating character, the portions sold being replaced by new goods which were purchased from time to time. Such a mortgage is often a precarious security, for at law it only binds and affects property existing at the time it was made. Thomas, Chat. Mortg. § 137; Jones, Chat. Mortg. § 138; Gardner v. McEwen, 19 N. Y. 123; Smith v. Cooper, 27 Hun, 565; Deeley v. Dwight, 132 N. Y. 59, 30 N. E. 258; Distilling Co. v. Rasey, 142 N. Y. 570, 37 N. E. 632. It is a well-settled principle of law that nothing can be mortgaged which is not in existence, in esse, and which does not belong to the mortgagor at the time of the execution of the mortgage. "Qui non habet, ille non dat." Herm. Chat. Mortg. § 46. How far such a mortgage may be considered good by a court of equity is not before us, and need not be considered.

The justice allowed as taxable costs the usual court disbursements, $12 statutory allowance to the plaintiff's attorney, and $12 additional compensation to the marshal who executed the writ of replevin; and we have been specially requested, in the notice of appeal, to review the allowance of the last item. Section 1711 of the consolidation act,

in reference to city marshals, provides that "all provisions of law in relation to the taking of property by sheriffs of counties shall apply to the taking of property by the said marshals." Subdivision 2 of section 3307 of the Code provides that a sheriff is entitled, "for executing a requisition to replevy one or more chattels, one dollar; and, also, such additional compensation, for his trouble and expenses, in taking possession of and preserving the property, as　*　*　*　the court or a judge thereof allows." The amount seems to have been left to the discretion of the justice, to be determined, of course, in a judicial manner; and as, upon the proofs furnished, the discretion was not abused, there is no reason for disturbing the allowance made.

The justice decided that the plaintiff was entitled to the possession of certain of the property claimed by him, particularly specifying it, and assessed the value at $140, the amount owing to the plaintiff by Glazer, the mortgagor, and Lippert & Glazer, the vendors. The trouble is that the evidence does not establish the value as high as that sum. Although Glazer testified that on July 8th, when the bill of sale was given, the property ought to have brought, at a sale, according to figures made by him, between $450 and $500, it does not follow that, when the defendant foreclosed its mortgage, the property then on hand would bring any such sum, for the stock had in the meantime been depleted by sales, the exact amount of which does not clearly appear. Besides, this estimate apparently includes certain machines which were conceded to belong to the defendant. Indeed, the testimony in this respect was so vague and unsatisfactory that, even upon Glazer's evidence, taken as a whole, the value of the property converted could not have been legally assessed at more than $60.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless, within 10 days, the plaintiff stipulates to reduce the recovery as to the assessed value to $60, in which case the judgment, as modified, will be affirmed, without costs. All concur.