## Charles W. Lasher v. Carter L. Littell.

104 · 211.
a202s 551

1. ORDINANCES—*Courts Do Not Take Judicial Notice of.*—Courts do not take judicial notice of city ordinances as they do of the statutes of the state.

**Malicious Prosecution.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 28, 1902. Rehearing denied December 9, 1902.

WILLIS E. THORNE, attorney for appellant; WILLIAM R. EVERETT, of counsel.

H. G. COLSON and A. R. HAYES, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action for malicious prosecution. The plaintiff, a merchant residing in Washington, Indiana, where he had been in the mercantile business for some eleven years without having ever been arrested, was charged by affidavit made by one John Johnson with having sold and offered for sale in the city of Chicago on the 23d of August, 1898, two carloads of melons by wholesale, without having procured a license for such purpose, in violation of section 1239 of an ordinance of the city of Chicago. Upon this affidavit a warrant was issued by the justice of the peace before whom it was made and the plaintiff was thereon arrested by a police officer and imprisoned in the Harrison Street Police Station. There he remained, until by the deposit of money with which to procure bail and the payment of $5 to a bondsman he secured bail. The next morning, being brought before the justice by whom the warrant was issued he was discharged, and thereafter brought suit, in which, upon trial, he obtained judgment for $1,500.

Appellant's principal insistence that the judgment should be reversed is based upon two claims; first, that there was no evidence connecting Charles W. Lasher, the appellant, with the prosecution. Upon the trial it appeared that the plaintiff, prior to the arrest, shipped for sale four carloads of melons from Indiana to the firm of G. Lasher & Son, in Chicago. These melons were sold and drafts made therefor paid. Thereafter the plaintiff shipped four other carloads of melons to G. Lasher & Son for sale by them and accompanied the same as before with four drafts. After doing this he received notice from Lasher & Son that he must ship two more carloads of melons or the drafts last made by him would not be paid, whereupon he came to Chicago, went to the place of business of Lasher & Son and was there told that his drafts would be paid, and an

appointment was made to meet him on Wednesday morning at the bank where the drafts were to be paid; on that morning the plaintiff went to the bank, waited there an hour or more and learned that two drafts had been taken up and two had been left unpaid; whereupon the plaintiff took up the bill of lading, went to the railroad yards and himself sold the melons in the cars on the track. The melons belonged to him and his son, having been purchased by them from farmers in Indiana. At the hearing before the justice, the plaintiff being asked with whom he had this conversation and arrangement to meet and pay the drafts at the bank, pointing to Charles W. Lasher in court, said: " I think that is the man, although I would not recognize him on the street." The plaintiff also testified to having met a Mr. Johnson and a Mr. Savage at the office of G. Lasher & Son, apparently doing business and having desks there; that he knew that Savage worked for Lasher & Son, because he had sold for Lasher & Son, melons previously shipped by the plaintiff to that firm; that after the plaintiff sold the two carloads of melons on track in Chicago, Savage came to him and wanted him to pay the commission on the two cars that he had sold and also presented him with a bill for $8. This bill was against C. L. Littell & Son, Washington, Indiana, in favor of G. Lasher & Son, and was for the sale of four carloads of melons, amounting, net, to $151.02, with a charge for advancement payment of $160, showing a loss of $8.98.

The plaintiff testified that when he refused to pay the bill Savage said that he would regret it; that the next time he saw Savage was when he was arrested and that he heard Savage say that he would show him that he could not come here and sell without a license. It further appeared by the testimony of Leonard Fiske, an attorney who appeared for the plaintiff when he was brought as a defendant before the justice, that in said justice office he, Fiske, had a conversation with Lasher in which he asked him what he meant by dragging that poor old farmer into trouble of that sort. Lasher said, " Let him settle with me." Fiske

said, " What has he got to settle with you ? " Lasher said he had some commissions coming. Fiske said he didn't think that was any reason for prosecuting this man. Lasher said he would attend to that. Fiske said to him, " You never will get this man fined or anything else." Lasher replied " We will see whether we will or not."

At the trial of the present case in the court below it appeared that Savage was no longer living. The defendant offered no evidence. Charles W. Lasher did not testify either in his own behalf or that of the plaintiff.

We think the jury were warranted in finding that the prosecution of the plaintiff was instigated and carried on by appellant. If he is not the man who had the conversation above mentioned with the plaintiff and did not institute the proceeding against the plaintiff, it was easy for him to have so testified. As to conclusions to be drawn from evidence, not only that actually shown, but that which an opposing party might have shown had there been any facts to justify his claim, is to be taken into consideration.

Secondly, it is urged that if there be probable cause for a criminal prosecution, it is immaterial how malicious the proceeding was; and that if the party charged be shown to have been actually guilty as charged, then there was probable cause. The defendant in the prosecution, plaintiff here, did admit that he sold two cars of melons on the track in Chicago.

The plaintiff in this case was charged, not with having violated any provision of the common law or any of the statutes of this state, or anything known as *malum in se*, but with having violated an alleged ordinance of the city of Chicago.

Upon the trial of the present case, the defendant, as before stated, admitted that he had sold upon the track in Chicago, two carloads of melons which belonged to him and his son; that this was the only sale of the kind he had ever made. For this act he was arrested and confined in a filthy cell until he could obtain bail. The defendant did

not admit that he had violated any ordinance of the city of Chicago, or any law whatever; and upon the trial no such ordinance as is described or rather alluded to in the complaint made against him, was shown to have any existence. Courts do not take judicial notice of city ordinances as they do of the statutes of the state. Chicago W. D. Ry. Co. v. Klauber, 9 Ill. App. 613; O'Hare v. Lieb, 66 Ill. App. 549. There was not before the court below, neither is there before this court, any evidence showing that when the plaintiff sold these melons and was arrested therefor, there was an ordinance of the city of Chicago making it unlawful for him to do so. Therefore no cause for the prosecution was shown.

There was evidence tending to show that Lasher, Savage and Johnson conspired to have this old man arrested because he would not pay a bill appellant had against him. Whether this be so or not, we regard the declaration as sufficient to sustain the judgment. The jury were fairly instructed, and we do not regard the verdict, $5,000, as indicating that they were actuated by passion or prejudice. The prosecution of appellee was not one either court or jury were likely to look favorably upon. The judgment of the Circuit Court is affirmed.